UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KAYLA JO FRESE, Individually and as Administrator of the Estate of ANDREW JOHN FRESE, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:21-cv-04004-SLD-JEH |
| NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and BNSF RAILWAY COMPANY, d/b/a BNSF RAILWAY, d/b/a BNSF, | ) ) ) ) ) |
| Defendants/Third-Party Plaintiffs, | ) ) ) |
| v. | ) ) |
| BUREAU SERVICE COMPANY, d/b/a AG VIEW FS, INC., PETER HERMES, and SANDRA HERMES, | ) ) ) ) |
| Third-Party Defendants. | ) |

ORDER

    Before the Court is Plaintiff Kayla Jo Frese's ("Kayla") Agreed Motion for Approval of Wrongful Death Settlement, for Distribution of Net Proceeds, Attorney Fees and Expenses, ECF No. 135.  For the reasons that follow, the motion is GRANTED.

1

# BACKGROUND[1]

Andrew Frese ("Andrew") was an employee of Bureau Service Company, d/b/a AG View FS, Inc. ("AG View"). On November 22, 2018, Andrew was working at Peter Hermes's ("Peter") farm, driving a tractor and applying anhydrous ammonia. Peter's farm consists of two parcels which are diagonally separated from each other by a parallel set of railroad tracks. The parcels are connected by a private railroad crossing ("the Crossing") and operators of farm equipment must use the Crossing to travel from one parcel to the other. BNSF Railway Company, d/b/a BNSF Railway, d/b/a BNSF ("BNSF") owns the two railroad tracks which run through the Crossing, as well as the right of way for the tracks and two stop signs at the Crossing. National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak") has an agreement with BNSF which allows Amtrak to operate over the railroad tracks. Kayla alleges that Andrew was struck and killed by an Amtrak train as he attempted to use the Crossing to reach the other parcel of Peter's farm. *See generally* Pl.'s First Am. Compl., ECF No. 83. Andrew was survived by his wife, Kayla, and their two children, T.J.F. and V.G.F. *Id.* ¶¶ 8–9. V.G.F. passed away at the age of 5 years on February 25, 2022, making Andrew's next of kin Kayla, T.J.F., and V.G.F.'s estate. *Id.* ¶¶ 10–11.

Kayla sued Amtrak and BNSF (collectively "Railroad Defendants") in state court on November 18, 2020, and Amtrak removed this case to federal court on December 8, 2020. *See* Not. Removal ¶ 1, ECF No. 1. After this case was transferred to this Court and Kayla had filed an amended complaint, Railroad Defendants filed materially identical amended third-party complaints seeking contribution from AG View, as well as Peter and Sandra Hermes. *See*

---

[1] The Court described some of the factual circumstances underpinning this case in its previous Orders—the first granting partial summary judgment in favor of Peter and Sandra Hermes, *see* Mar. 15, 2024 Order 2–4, ECF No. 115, and the second denying Kayla's request to seal the motion to approve the settlement, *see* Oct. 16, 2024 Order 2–4, ECF No. 133. Unless otherwise noted, this background is drawn from the Court's previous Orders.

Amtrak Answer FAC & Am. Third-Party Compl. 23–30, ECF No. 86; BNSF Answer FAC & Am. Third-Party Compl. 23–29, ECF No. 87.  Peter and Sandra Hermes moved for summary judgment, arguing in part that they owed no duty to maintain the Crossing, such that they could not be held liable for Andrew's death.  *See, e.g.*, Hermes Defs.' Mot. Summ. J. ¶ 1, ECF No. 74.  The Court granted their motion for summary judgment in part, finding that there was a genuine dispute of material fact regarding whether they owed a "duty to safely design, modify, or construct a safe approach to the railroad tracks by making changes to Peter's farm."  Mar. 15, 2024 Order 17, ECF No. 115.

On July 24, 2024, Kayla moved for the appointment of a guardian *ad litem*, asserting that the parties had reached an agreement regarding the principal terms of a global settlement and that such an appointment was necessary to independently represent the interests of T.J.F. and V.G.F.'s estate.  Mot. Appointment Guardian ad Litem ¶¶ 1, 4, ECF No. 128.  The Court appointed attorney Charles Schierer as guardian *ad litem*.  Aug. 9, 2024 Text Order (Hawley, M.J.).  Kayla then requested to file certain documents under seal, including a motion requesting that the Court approve the parties' proposed settlement.  Consent Mot. Leave File Docs. Under Seal 1–2, ECF No. 130.  The Court denied that request, noting that courts within the Seventh Circuit generally disfavor approving settlements under seal when a statute requires judicial approval of such settlements and that the parties had not adequately justified their request for secrecy.  Oct. 16, 2024 Order 4–6, ECF No. 133.  The Court struck Plaintiff's subsequent filing for violating Federal Rule of Civil Procedure 5.2(a)(3) by disclosing the names of Kayla's minor children.  Oct. 23, 2024 Text Order.  The properly redacted instant motion followed shortly thereafter.

3

**DISCUSSION**

Kayla's First Amended Complaint asserts claims under the Illinois Wrongful Death Act, 740 ILCS 180/0.01–2.2. Pl.'s First Am. Compl. ¶¶ 26–51.[2] "The purpose of the Wrongful Death Act is to compensate the surviving spouse and next of kin or the pecuniary losses sustained due to the decedent's death." *Elliott v. Willis*, 442 N.E.2d 163, 168 (Ill. 1982). The Illinois Wrongful Death Act provides for "damages . . . with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow, and mental suffering, and punitive damages when applicable, to the surviving spouse and next of kin of such deceased person." 740 ILCS 180/2(a). Pecuniary injuries include the loss of consortium enjoyed in a marital relationship and the loss of society enjoyed in a parent-child relationship. *E.g.*, *Pitzer v. City of East Peoria*, 597 F. Supp. 2d 806, 810 (C.D. Ill. 2009). Next of kin is determined by reference to Illinois's law of intestacy—where the decedent is survived by a spouse and children, those persons are the decedent's next of kin. *Ford-Sholebo v. United States*, 980 F. Supp. 2d 917, 999–1000 (N.D. Ill. 2013) (citing *Stephens v. Trinity Med. Ctr.*, 685 N.E.2d 403, 404 (Ill. App. Ct. 1997)). Contingent attorney's fees agreements may be part of a wrongful-death settlement, and Illinois "[c]ourts will enforce contingent fee contracts unless they are unreasonable." *Corcoran v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 803 N.E.2d 87, 90–91 (Ill. App. Ct. 2003).

Settlements under the Illinois Wrongful Death Act require court approval, as a court must distribute settlement funds:

---

[2] The Court has jurisdiction under 28 U.S.C. § 1331 because Amtrak was incorporated under federal law, "the United States is the owner of more than one-half of the capital stock of Amtrak," and BNSF consented to removal to federal court. *See* Pl.'s First Am. Compl. ¶ 14; Amtrak Answer FAC & Am. Third-Party Compl. 4; BNSF Answer FAC & Am. Third-Party Compl. 4; *Adkins v. Ill. Cent. R. Co.*, 326 F.3d 828, 834 (7th Cir. 2003) (noting that Amtrak has "the right to remove its own case under federal question jurisdiction, because it is a federal entity in which the United States owns more than 50% of the outstanding stock" (citing 28 U.S.C. §§ 1331, 1349)).

>to each of the surviving spouse and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person.

740 ILCS 180/2(b). "Dependency is not limited to financial dependency, but also includes loss of society, which is comprised of mutual benefits that each family member receives from the other's continued existence, including loss of affection, care, attention, companionship, comfort, guidance, and protection." *Wilson v. Cook County*, No. 22 CV 6886, 2024 WL 3398339, at *2 (N.D. Ill. July 12, 2024) (quotation marks omitted). "When one of the parties is the widow of the deceased or a direct descendant, there is a presumption that they have sustained a substantial pecuniary loss." *Williams v. Rush-Presbyterian St. Luke's Med. Ctr.*, 899 N.E.2d 1241, 1246 (Ill. App. Ct. 2008); *see also Elliott*, 442 N.E.2d at 167 ("[T]he term 'pecuniary injuries' is broadly construed and a widow is presumed to incur such losses without proof of actual loss.").

Kayla, on behalf of herself, T.J.F., and V.G.F.'s estate—*i.e.*, Andrew's surviving spouse and next of kin under Illinois intestacy law, *see Ford-Sholebo*, 980 F. Supp. 2d at 999—seeks to recover damages for, amongst other harms, their loss of Andrew's "society, love, affection, care, attention, companionship comfort, guidance, and protection." *See, e.g.*, Pl.'s First Am. Compl. ¶¶ 36–38. Both she and her attorney aver that they entered into a contingent fee agreement, pursuant to which her attorney would be entitled to "attorney fees in the amount of one-third (33 1/3%) of all sums recovered through settlement or otherwise, plus out of pocket expenses." Kayla Decl. ¶ 7, Mot. Settlement Approval Ex. B, ECF No. 135-2; Brown Decl. ¶ 8, Mot. Settlement Approval Ex. C, ECF No. 135-3.

The parties have reached a settlement that would resolve this case in its entirety. *See* Confidential Settlement Agreement and Release of Claims, Mot. Settlement Approval Ex. D, ECF No. 135-4. The proposed settlement provides that—in exchange for a release of claims

5

stemming from Andrew's death, dismissal of this case with prejudice, and the termination of certain pending worker's compensation claims—Railroad Defendants, the insurers for AG View, and the insurers for Peter and Sandra Hermes will issue checks payable to Kayla and her attorney. Mot. Settlement Approval ¶¶ 3–4. 33% of the settlement payment is for Kayla's attorney's fees, approximately 60% is for Kayla's harms, approximately 6.5% is for T.J.F.'s harms, and the remainder is for reimbursing the expenses of Kayla's attorney and the guardian *ad litem*. *See, e.g.*, Kayla Decl. ¶ 9.

Kayla avers that she is satisfied with the representation she received from her attorney. *Id.* ¶ 7. She requests that she be authorized to place T.J.F.'s funds "in an account that is managed by a financial professional with a goal of conservative growth and protection of principal," and that the Court order "the funds not to be used or otherwise spent (excluding reasonable management fees) until distribution to T.J.F. when he reaches the age of majority." Mot. Settlement Approval ¶ 16. She further requests that the Court dispense with the formality of making an award to V.G.F.'s estate because ultimately two-thirds of her interest would pass to Kayla and the other third would pass to T.J.F. by operation of Illinois law anyway. *Id.* ¶¶ 8–9; *see also* 755 ILCS 5/2-1(d).[3] The guardian *ad litem* agrees that Kayla's attorney has achieved a satisfactory result in this case, avers that Kayla "will discharge faithfully her duties as the Guardian of T.J.F.'s estate," and also requests that the Court dispense with the formality of an award to V.G.F.'s estate because it "would be redundant and expose the settlement proceeds to

---

[3] More specifically, Illinois's intestacy laws provide that:

> If there is no surviving spouse or descendant but a parent, brother, sister or descendant of a brother or sister of the decedent: the entire estate to the parents, brothers and sisters of the decedent in equal parts, allowing to the surviving parent if one is dead a double portion and to the descendants of a deceased brother or sister per stirpes the portion which the deceased brother or sister would have taken if living.

755 ILCS 5/2-1(d).

unnecessary expenses and delays to result in distribution to the same beneficiaries." Guardian *ad Litem* Report 2–3, Mot. Settlement Approval Ex. A, ECF No. 135-1. He also avers that Kayla and T.J.F. were impacted by this tragedy, that Kayla continues to maintain a close relationship with Andrew's family, and that T.J.F. "is adequately cared for by [Kayla]." *Id.*

The Court finds that all aspects of this settlement warrant approval. This matter was litigated for over 3.5 years, involved extensive discovery, and the settlement was reached as the product of continued negotiation following a mediation conducted by a retired state court judge who had experience with similar railroad crossing cases. Brown Decl. ¶ 5. Kayla's attorney's fees—the entitlement to which comes from a contingent fee agreement between Kayla and her attorney—is for a customary and reasonable amount of one-third of the total award. *See Corcoran*, 803 N.E.2d at 90–91. Although there is not much evidence before the Court regarding the relative degree of dependency that Kayla and T.J.F. had upon Andrew, the guardian *ad litem* does not object to the proposed distribution between Kayla and T.J.F. *See* Guardian *ad Litem* Report 3. Therefore, there is no dispute about the proportion of distribution between Kayla and T.J.F., and they are both presumed to have suffered a substantial pecuniary loss. *See Williams*, 899 N.E.2d at 1246. Further, the settlement amounts are in line with similar figures produced by jury verdicts in favor of wrongful-death plaintiffs. *See Ford-Sholebo*, 980 F. Supp. 2d at 1005–10 (surveying jury verdicts in wrongful-death cases). The total award's reasonableness is reinforced by considering the risks of trial and the potential for a finding that Andrew's contributory negligence justified a reduction in that award. *See, e.g.*, Brown Decl. ¶ 5(c) (noting the risk of contributory negligence); Amtrak Answer FAC & Am. Third-Party Compl. 22–23 (raising multiple bases for finding that Andrew was contributorily negligent).

7

Finally, the proposal for managing T.J.F.'s funds is prudent and obviating the need for a formalistic award to V.G.F.'s estate is equitable.

In sum, the Court is satisfied that this settlement and the proposed distribution of proceeds is "fair and reasonable" under the circumstances and approves the same. *See T.S. ex rel. Stoudt v. Ford Motor Co.*, Nos. 04 C 4318, 03 C 7887, 2005 WL 1563234, at *1 (N.D. Ill. Mar. 14, 2005) (approving wrongful death settlements upon reaching the same conclusion); *Casper v. Zacheis*, No. 00-L-107, 2003 WL 24038316, at *1 (Ill. Cir. Ct. Sept. 8, 2003) (same).

## CONCLUSION

Accordingly, Plaintiff Kayla Jo Frese's Agreed Motion for Approval of Wrongful Death Settlement, for Distribution of Net Proceeds, Attorney Fees and Expenses, ECF No. 135, is GRANTED. The parties are directed to file a stipulation of dismissal or status report within 60 days.

Entered this 28th day of October, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE